# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAREN JEAN MILLER,<br><br>    Petitioner,<br><br>    v.<br><br>JAMES A. HARTLEY,<br><br>    Respondent. | Case No.: 1:12-cv-01822 JLT<br><br>ORDER DISMISSING THE ACTION FOR FAILURE TO PROSECUTE AND KEEP THE COURT APPRISED OF PETITIONER'S LOCATION |

    On March 15, 2013, Petitioner filed his traverse (Doc. 15) but the Court has received no further communication from him. The Court's Local Rule 182(f) requires every self-represented litigant to notify the Court of any changes of address.  On July 21, 2014, the Court ordered Petitioner to provide the Court an updates address but this order was returned "Undeliverable" as "Inactive.  More than 63 days have passed since the mail was returned and Petitioner has not provided the Court an updated address.

    Local Rule 183(b) provides, If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." Federal Rule of Civil Procedure 41(b) also provides for dismissal of

1

1  an action for failure to prosecute.[1]

2  Plaintiff's address change was due by September 1+, 2014, but he failed to file one and he has
3  not otherwise been in contact with the Court.  "In determining whether to dismiss an action for lack of
4  prosecution, the district court is required to consider several factors: (1) the public's interest in
5  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
6  the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
7  availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal
8  quotation marks and citation omitted); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir.
9  2010); In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir.
10  2006).  These factors guide a court in deciding what to do, and are not conditions that must be met in
11  order for a court to take action.  In re PPA, 460 F.3d at 1226 (citation omitted).

12  This case has been pending since early 2012 and the expeditious resolution of litigation and the
13  Court's need to manage its docket weigh in favor of dismissal.  In re PPA, at 1227.  Further, the
14  opposing party is necessarily prejudiced when he is unaware of the plaintiff's location during the
15  discovery phase of the litigation.  Id.  With respect to the fourth factor, "public policy favoring
16  disposition of cases on their  merits strongly counsels against dismissal," but "this factor lends little
17  support to a party whose responsibility it is to move a case toward disposition on the merits but whose
18  conduct impedes progress in that direction." Id. at 1228.  Finally, given the Court's and Defendants'
19  inability to communicate with Plaintiff, there are no other reasonable alternatives available to address
20  Plaintiff's failure to prosecute.  In re PPA, 460 F.3d at 1228-29; Carey, 856 F.2d at 1441.

21  Based upon the foregoing, the Court **ORDERS** the matter **DISMISSED WITHOUT**
22  **PREJUDICE**.

24  IT IS SO ORDERED.

25  Dated:   **October 9, 2014**                             /s/ Jennifer L. Thurston
26                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. Hells Canyon Preservation Council v. U. S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005).